Scott Wellman, SBN: 82897
Chris Wellman, SBN: 304700
**WELLMAN & WARREN LLP**
24411 Ridge Route, Suite 200
Laguna Hills, CA 92653
Tel: (949) 580-3737
Fax: (949) 580-3738
swellman@w-wlaw.com

Attorneys for Plaintiff,
ByDzyne, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| BYDZYNE, INC., a Wyoming corporation., <br><br> Plaintiff, <br><br> v. <br><br> SAMER YORDE, an individual; <br><br> Defendant. | Case No. 8:23-cv-02389-DOC-ADS <br> Courtroom: 10A <br><br> District Judge: David O. Carter <br> Magistrate Judge: Autumn D. Spaeth <br><br> **PLAINTIFF BYDZYNE, INC.'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT SAMER YORDE** <br><br> Hearing Date: May 20, 2024 <br> Time: 8:30 a.m. <br> Courtroom: 10A <br><br> [Filed concurrently with the Declarations of Johnny Michael Miranda Regtegui and Chris Wellman in Support thereof; [Proposed] Order] <br><br> Complaint filed: 12/18/2023 |

TO ALL PARTIES, PLEASE TAKE NOTICE that on May 20, 2024, at 8:30 a.m. in Courtroom 10A in the above referenced court, United States District Court of the Central District of California, Ronald Reagan Federal Building and United States Courthouse, 411 W. Fourth St., Santa Ana, CA 92701, Plaintiff ByDzyne, Inc. ("Plaintiff") will move this court for a Default Judgment against Defendant Samer Yorde ("Defendant"). This motion hearing will be held before the Honorable David O. Carter, United States District Court Judge in the above aforementioned court.

This motion is based on Federal Rules of Civil Procedure 55(b), upon this Notice and the pleadings filed in this action, the attached memorandum of points and authorities, the supporting declarations of Chris Wellman and Johnny Michael Miranda Reategui filed herewith and attached Exhibits. This matter is sought based on the documents filed herein, the records and files in this action; and upon such further evidence and arguments as may be presented prior to or at the time of hearing on the motion.

Dated : April 10, 2024                          **WELLMAN & WARREN**


                                       By:    /s/Chris Wellman
                                              Scott Wellman
                                              Chris Wellman
                                              Attorneys for Plaintiff, ByDzyne, Inc.

**PLAINTIFF BYDZYNE, INC.'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT SAMER YORDE**

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

1.      On December 18, 2023, Plaintiff filed this action against Defendant alleging claims for breach of contract and defamation. (Dkt. No. 1).

2.      Both claims stem from a settlement agreement entered between the parties on or about November 1 and 2, 2023, which related to a previous lawsuit between the same parties.

3.      Defendant was served pursuant to Rule 4 of the Federal Rules of Civil Procedure with the Summons and Complaint on December 29, 2023. (Dkt. No. 9).

4.      Defendant's response date for the Complaint was originally due on January 19, 2024.

5.      Thereafter, Defendant contacted Plaintiff and requested that he be given more time to respond to the Complaint as he was still seeking representation by counsel. Accordingly, the parties executed a stipulation to extend the response date to the Complaint to March 18, 2024. The stipulation was filed on January 25, 2024. (Dkt. No. 12) and granted by the court on January 29, 2024 (Dkt. No. 13).

6.      As the March 18, 2024 deadline to respond has passed, Defendant still did not respond or otherwise answer the Complaint. (Dec. of Wellman, pg. 2;¶5).

7.      Accordingly, this motion for entry of default judgment now ensues.

8.      In furtherance, on April 1, 2024, a copy of Plaintiff's Request to Enter Default filed that same day as (Dkt. 15) was served on Defendant Samer Yorde.

PLAINTIFF BYDZYNE, INC.'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT SAMER YORDE

(Dec. of Wellman, Pg. 3;¶8). The Clerk entered the Default of Defendant Yorde on April 1, 2024 (Dkt. 16). (Dec. of Wellman, Pg. 3;¶8).

### ARGUMENT

**A. The Court Should Enter a Default Judgment Against Defendant.**

"Where a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a) "If the plaintiff's claim is for a sum certain or a sum that can be made certain any computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due, must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent." Fed. R. Civ. P. 55(b). On the other hand, if the party is not seeking a default judgment through the clerk, then he must apply to the court for a default judgment. . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount in damages; (C) establish the truth of any allegation by the evidence; or (D) investigate any other means

"In deciding whether to enter default judgment, courts look to the *Eitel* factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive

claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.' {Citation]." *District Council 16 Northern California Health and Welfare Trust Fund v. Valverde*, 2023 WL 4116627, at *1 (N.D. Cal. 2023).

Here, Plaintiff is requesting that the Court enter a default judgment against Defendant. In the Complaint, Plaintiff seeks damages more than $75,000. (Complaint, ¶3). The Complaint alleges two claims: (1) breach of written contract; and (2) defamation. The extent of the damages suffered by Plaintiff is currently unknown; however, Plaintiff presumes them to be in the million-dollar range. Plaintiff also believes it will be able to set forth a better record showing how those calculations were reached. Given the complexity of how damages will be determined, Plaintiff believes the proper method to determine damages would be through a court evidentiary hearing. Thus, Plaintiff request that the court set a hearing on this matter.

Additionally, when applying the *Eitel* factors mentioned above, the Court should find that default judgment is warranted. For example, there is no prejudice to Defendant if the judgment is entered. Defendant has been fully apprised of this action, and in fact has been granted several extensions to answer the Complaint so that he could locate and acquire counsel. Despite this notice, and even though Plaintiff generously granted extensions to Defendant to answer the Complaint, Defendant still

**PLAINTIFF BYDZYNE, INC.'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT SAMER YORDE**

failed to comply with the Federal Rules. Accordingly, there is no prejudice to Defendant because this request for entry of a default judgment was a result of his own doing.

Second, there is substantial merit to Plaintiff's claims, and there is little change that the claims will be disputed. For example, there is no dispute that the parties executed a settlement agreement that prohibited Defendant from further disparaging Plaintiff's company, as well as prohibiting him from wrongfully soliciting Plaintiff's company's independent distributors. However, the evidence shows that Defendant has violated this provisions. (Dec of Miranda Reategui. Pgs.2-3;¶¶4-13.)

Third, there doesn't seem to be any excusable neglect by Defendant for failing to answer the Complaint. Defendant was served with the Summons and Complaint on December 29, 2023 (Dkt. No. 9), and signed a stipulation to extend the deadline to respond to the Complaint to March 18, 2024 (Dkt. No. 12). Thus, Defendant was fully informed when his response date was due and therefore had no reason to forget or neglect it and provide a timely answer or response.

Finally, the sum of money in dispute in this claim is not necessarily exorbitant. As stated above, Plaintiff believes its damages will range in the low 7-fgires. This is not a case concerning multi-milions of dollars or even a billion dollars.

For the foregoing reasons, the Court should find that default judgment is warranted and set this matter for hearing on the issue.

**PLAINTIFF BYDZYNE, INC.'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT SAMER YORDE**

## <u>CONCLUSION</u>

Based on the foregoing, Plaintiff respectfully requests that the Court grant this motion and set this matter for an evidentiary hearing on a date that is convenient for the court.

Dated : April 10, 2024                    **WELLMAN & WARREN**

By: <u>/s/Chris Wellman</u>
   Scott Wellman
   Chris Wellman
   Attorneys for Plaintiff, ByDzyne, Inc.

**PLAINTIFF BYDZYNE, INC.'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT SAMER YORDE**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of April, 2024, a true and correct copy of the forgoing document was filed with the Clerk of the Court using the CM/ECF system and served upon the following by US Mail service, deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Laguna Hills, California in the ordinary course of business to the following:

Samer Yorde
9950 NW 74 Terrace
Doral, Florida 33178

Pro Per Defendant

PLAINTIFF BYDZYNE, INC.'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT SAMER YORDE