JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02389-DOC-ADS             Date: May 16, 2024

Title: BYDZYNE, INC. V. SAMER YORDE

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**    **ORDER SUA SPONTE DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

On the Court's own motion, the Court DISMISSES this case for lack of subject matter jurisdiction.

### I. Background

ByDzyne ("Plaintiff" or "ByDzyne") brought this lawsuit on December 18, 2023, alleging that Defendant Samer Yorde ("Defendant" or "Yorde") (1) breached a written contract, and (2) made defamatory statements against Plaintiff. Complaint ("Compl.") (Dkt. 1) ¶¶ 5-6.

Defendant was a Brand Ambassador of ByDzyne, a company that markets its products through a multilevel marketing model. Compl. ¶¶ 2-3. Defendant was terminated as a Brand Ambassador in September 2023, and Plaintiff subsequently filed an action against Defendant alleging defamation, breach of contract, and tortious interference, among other claims in October 2023. *Id.* ¶ 3. The Parties then entered into a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-02389-DOC-ADS     Date: May 16, 2024

Page 2

settlement agreement in November 2023. *Id.* In December 2023, Plaintiff filed this action against Defendant alleging claims for breach of contract and defamation, arising out of the settlement agreement. *Id.* ¶¶ 4-5. According to Plaintiff, Defendant breached the settlement agreement by disparaging and defaming ByDzyne while on a Zoom call with a ByDzyne Brand Ambassador named Johnny Michael Miranda Regtegui. *Id.*

ByDzyne alleges that Yorde made several defamatory statements on the Zoom call, including that the "Pip Grabber," a ByDzyne product "is a strategy without stop loss, that's burned a lot of accounts." *See* Declaration of Johnny Michael Miranda Regtegui ("Regtegui Decl.") Ex. A (Dkt. 18-3) at 3. Yorde also stated that "the residuals are terrible," referring to ByDzyne's compensation plan. *Id.* at 4. ByDzyne also alleges that Yorde made other comments that imply ByDzyne's owners should not be trusted, that ByDzyne is buying off its distributors, and that ByDzyne is deceptive in its marketing. *See id.*

## II.     II. Legal Standard

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. *United States v. Cotton*, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas*, 559 F.3d 1041, 1043-44 (9th Cir. 2009). Lack of subject matter jurisdiction may also be raised by the district court sua sponte. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Id.*; see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-02389-DOC-ADS                                         Date: May 16, 2024

Page 3

principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). "When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

### III. Discussion

Plaintiff alleges that the Court has diversity jurisdiction in this case because diversity of citizenship exists and the amount in controversy exceeds $75,000. Compl. ¶ 2. The Court disagrees.

Plaintiff estimates damages to be in the "million-dollar range." *See* Motion for Entry of Default Judgment (Dkt. 18-1) at 5. Allegations of damages to this extent are difficult to take at face value when Plaintiff does not even describe any particular injuries to their business that they sustained and provides no basis for these estimates. "While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Diefenthal v. Civil Aeronautics Bd.*, 681 F.2d 1039, 1052 (5th Cir.1982). *See also Christensen v. Northwest Airlines, Inc.*, 633 F.2d 529 (9th Cir.1980) (affirming dismissal on ground that injury was too small to establish requisite amount of damages); *Anthony v. Security Pac. Fin. Serv. Inc.*, 75 F.3d 311, 318 (7th Cir.1996).

While Plaintiff might have suffered damages in excess of $75,000 as a result of Defendant's breach of contract and defamatory statements, "the record currently before the Court does not support that conclusion." *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1231 (N.D. Cal., 2000). Accordingly, the Court finds that it lacks diversity jurisdiction over this matter.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02389-DOC-ADS                                       Date: May 16, 2024

                                                                                                Page 4

**IV.   Disposition**

    For the reasons set forth above, the Court **DISMISSES** this case. Dismissal is without prejudice subject to refiling in state court.

    The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                           Initials of Deputy Clerk: kdu

CIVIL-GEN